NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 20 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10430 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00225-TLN-1 |
| v. | |
| LUIS JOSE RUIZ GAINZA, | ORDER |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10009 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00225-TLN-2 |
| v. | |
| RICARDO GABRIELE-PLAGE, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Argued and Submitted October 16, 2020
San Francisco, California

Before: McKEOWN and NGUYEN, Circuit Judges, and VITALIANO,** District

---

** The Honorable Eric N. Vitaliano, United States District Judge for the Eastern District of New York, sitting by designation.

Judge.

United States Sentencing Guidelines Section 2B1.1(b) provides for graduated increases in the base offense level if the loss caused by the crime of conviction is more than $6,500. Application Note 3(F)(i) assigns a minimum loss amount of $500 per "unauthorized access device"—which is defined as "any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud." U.S.S.G. § 2B1.1(b) & cmt. n.10(A); 18 U.S.C. § 1029(e)(3).

In sentencing Luis Jose Ruiz Gainza and Ricardo Gabriele-Plage, the district court found by clear and convincing evidence that they obtained, respectively, 852 and 754 access devices. That finding was clear error because it was predicated on a presumption that the scheme operated with a one hundred percent success rate as to each ATM customer. Notably, the record contains no evidence of the success or failure rate of the skimmer devices, and no testimony was offered on this point. The record thus does not provide clear and convincing evidence that Gainza and Gabriele-Plage obtained 852 and 754 access devices, respectively.

The sentences are therefore vacated and the case is remanded immediately for expeditious resentencing. The mandate shall issue forthwith. The panel shall retain jurisdiction. An opinion will follow.